# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN McINTOSH, | ) | |
| | ) | Case No. 20 CV 324 |
| Plaintiff, | ) | |
| v. | ) | JUDGE LEINENWEBER |
| | ) | |
| CHICAGO POLICE OFFICERS CHESTER BACH (STAR #20438), DAVID EVANS (STAR #20927), JOSEPH FRUGOLI (STAR #21325) | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | JURY TRIAL DEMANDED |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION TO BEGIN DISCOVERY

Defendants Chester Bach, David Evans and Joseph Frugoli, by their attorneys, THE SOTOS LAW FIRM, P.C., in response to Plaintiff's Motion to Begin Discovery state:

1. This case is a refiling of Case No. 17 CV 6357 that was pending before this Court for nearly two years before Plaintiff's voluntary dismissal on July 19, 2019 (Dkt. #133). The action arises from the same core of operative facts, and all Defendants were parties to the original case.

2. Plaintiff represents his motion presents a threshold discovery issue ripe for adjudication because the parties could not agree to a proposed discovery plan in their joint status report filed on May 28, 2020 (Dkt. #24). However, Plaintiff failed to inform Defendants that he would be filing this motion, and to date he has not responded to Defendants' request to advise which discovery and depositions from the original case Plaintiff believes can be used in this re-filed action in furtherance of Local Rule 37.2's requirement to meet and confer regarding

discovery disputes. Because Plaintiff's motion does not comply with the requirements or the spirit of Local Rule 37.2 it should be denied, or in the alternative denied as premature.

3. While Plaintiff fairly and correctly sets forth the parties' respective positions regarding a proposed discovery plan, he fails to inform the court of the significant discovery conducted in the original case. This discovery included interrogatories, production requests, and requests to admit. The parties exchanged over 106,000 documents between them. The majority of the depositions were completed, including Plaintiff, Defendants Bach and Frugoli, and at least a dozen other parties and non-party witnesses, and many of these depositions went the full seven hour limit. Agreed Confidentiality and HIPPA/Mental Health Act protective orders were also negotiated and entered to further the discovery process.

4. Plaintiff contends much of this discovery is now useless to him because it was directed to individuals who are no longer parties to this action. That contention is disingenuous because all Defendants herein were parties to the original case, and those individuals who are no longer parties will still be witnesses in this case.

5. Plaintiff also mischaracterizes Defendants' position on discovery as merely supplementation of prior responses. Although Defendants believe supplementation of prior responses is appropriate here, they are not opposed to limited additional discovery by both sides that focuses on what remains at issue, and the retaking of depositions for limited purposes (and with leave court) only in the event new information or issues arise. The reasonable approach is for the parties to supplement their answers to discovery in order to understand what is necessary to appropriately and efficiently move forward with this case. The parties can then complete the remainder of the discovery, including the discovery that was yet to be finished before Plaintiff voluntarily dismissed the original case. Plaintiff's argument to start discovery anew makes little

sense with unfinished discovery yet to be completed and also wastes the parties' previous discovery efforts.

6. The heart of the matter is that while Plaintiff represents the parties can reach stipulations on these discovery issues, he has not provided Defendants with the information necessary to determine if such stipulations can be reached – namely what discovery and depositions from the original case Plaintiff believes can be used in this re-filed action. Pursuant to Local Rule 37.2 , such discussions regarding discovery should be exhausted between the parties before involving the court. Indeed, Plaintiff makes no certification that the parties have been unable to reach an accord. Hence, his motion is premature and should be denied.

For the foregoing reasons, Defendants Chester Bach, David Evans and Joseph Frugoli request this Court to deny Plaintiff's motion and for such other relief as the Court deem appropriate.

Dated: June 4, 2020         Respectfully Submitted,

/s/Joseph M. Polick
JOSEPH M. POLICK, Atty. No. 6200682
Special Assistant Corporation Counsel
*One of the Attorneys for Defendants*

James G. Sotos
Joseph M. Polick
Jeffrey R. Kivetz
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
jpolick@jsotoslaw.com

## **CERTIFICATE OF SERVICE**

I certify that on June 4, 2020, I electronically filed the foregoing **Defendants' Response to Plaintiff's Motion to Begin Discovery** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list:

*Attorneys for Plaintiff:*

Jon Loevy
Arthur Loevy
Anand Swaminathan
Steven A. Art
Renee Spence
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
jon@loevy.com
arthur@loevy.com
anand@loevy.com
steve@loevy.com
spence@loevy.com


Jennifer Blagg
Law Office of Jennifer Blagg
1333 W. Devon Ave, Suite 267
Chicago, IL 60660
773-859-0081
jennifer.blagg@yahoo.com

                                                /s/Joseph M. Polick
                                                JOSEPH M. POLICK, Atty. No. 6200682